**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1612
_____

S.M., by and through his parents, Michael C. and Danielle C.;
MICHAEL CIAVARELLI; DANIELLE CIAVARELLI

v.

CHICHESTER SCHOOL DISTRICT,
                                        Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-21-cv-04266)
District Judge: Honorable Anita B. Brody
_____

Argued September 4, 2024

Before: JORDAN, HARDIMAN, and PORTER, *Circuit Judges*.

(Filed: September 23, 2024)

Gabrielle C. Sereni [Argued]
Sereni Law Group
32 Regency Plaza
Glen Mills, PA 19342
          *Counsel for Appellant*

Nancy Ryan
Lorrie McKinley [Argued]
McKinley & Ryan
238 W. Miner Street
West Chester, PA 19382
          *Counsel for Appellees*

———————

OPINION[*]

———————

HARDIMAN, *Circuit Judge*.

Chichester School District appeals from the District Court's order entering a preliminary injunction that requires it to place a student, S.M., in a residential educational facility. We will affirm.

## I[1]

S.M. is a seventeen-year-old boy with severe autism and intellectual disabilities. His parents filed an administrative complaint against Chichester School District with the Pennsylvania Office for Dispute Resolution, asserting claims under the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1400 *et seq.*, and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794. The parents alleged that Chichester denied S.M. a free appropriate public education (FAPE) by failing to offer him an individualized education program (IEP) that would, upon his release from a residential treatment facility, place him in a residential educational facility. This type of IEP is sometimes called a "contingent IEP."

———————

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] The District Court had subject-matter jurisdiction under 20 U.S.C. § 1415(i)(3)(A) and 28 U.S.C. §§ 1331 and 1343(a)(3). We have jurisdiction over the appeal of the preliminary injunction under 28 U.S.C. § 1292(a)(1).

The special education administrative Hearing Officer dismissed the complaint. He reasoned that because Chichester was the "resident district" and not the "host district" under 24 Pa. Stat. § 13-1306, it had no duty to provide S.M. with an IEP unless his release from his residential treatment facility was imminent. *S.M. v. Chichester Sch. Dist.*, 2022 WL 875232, at *2 (E.D. Pa. Mar. 24, 2022). The Hearing Officer alternatively concluded that if Chichester had to provide S.M. with an IEP, it had to offer to place him in a residential educational facility.

The parents sued Chichester in the District Court, arguing that the Hearing Officer's legal conclusions were erroneous. They moved for a preliminary injunction requiring Chichester to place S.M. in a residential educational facility. The District Court rejected the Hearing Officer's legal conclusions and held: (1) Chichester had assumed the responsibilities of a host district; and (2) there was no imminency requirement in the IDEA. The District Court issued a preliminary injunction ordering Chichester to arrange for S.M. to move to a mutually agreeable residential educational placement.

II

Contrary to Chichester's arguments, the District Court had subject-matter jurisdiction. The parents exhausted their claims under the IDEA by filing an administrative complaint with the Pennsylvania Office for Dispute Resolution that raised the relevant issues. After the Hearing Officer rendered his final decision, the parents were entitled to file a civil action in the District Court seeking review of the decision and presenting their additional claims for damages under the Rehabilitation Act and 42

3

U.S.C. § 1983. *See* 20 U.S.C. § 1415(i)(2)(A) (allowing parties to seek judicial review of decisions made by State educational agencies); *see also Luna Perez v. Sturgis Pub. Sch.*, 598 U.S. 142, 147–48 (2023) (holding that the IDEA's exhaustion requirement does not apply to claims brought "under another federal law for compensatory damages"). The parents' claims were ripe because they alleged that they would accept a residential educational placement for S.M. and that he has been languishing in facilities unable to meet his needs.

As the District Court held, Chichester had to provide S.M. with a FAPE because it assumed that responsibility by entering "Local Educational Agency Responsibility Agreement[s]" with Central Bucks School District and Rose Tree Media School District. App. 191, 193. Nor did the District Court clearly err by finding that the parents are likely to establish that S.M. is entitled to placement in a residential educational facility when this matter is adjudicated on the merits. *See K.A. ex rel. Ayers v. Pocono Mountain Sch. Dist.*, 710 F.3d 99, 105 (3d Cir. 2013). The Court's decision was based on its independent examination of the record, with due weight given to the Hearing Officer's findings of fact. The record supports its finding that placement at a residential educational facility is necessary for S.M. to receive a FAPE. Apart from its factual findings, the District Court did not commit any error of law. So it did not abuse its discretion by entering the preliminary injunction. *See id*. at 112–14.

## III

For the reasons stated, we will affirm the District Court's order issuing the preliminary injunction.